IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
WILLIE NELSON FARMER,          §
                               §
                Applicant,     §
                               §
VS.                            §    NO. 4:13-CV-554-A
                               §
RODNEY W. CHANDLER,            §
                               §
                Respondent.    §
```

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on July 9, 2013, by applicant, Willie Nelson Farmer, who is presently incarcerated at Federal Correctional Institution-Fort Worth. Having considered the application, the response, applicant's traverse, and applicable legal authorities, the court concludes that the application should be granted in part and denied in part.[1]

---

[1] In his application, applicant requests an evidentiary hearing and appointment of counsel for such hearing. However, "[a]n evidentiary hearing is not required if the record is complete or the petitioner raises only legal claims that can be resolved without the presentation of additional evidence." United States v. Tubwell, 37 F.3d 175, 179 (5th Cir. 1994). Applicant has also failed to show that "the interests of justice would be served by the appointment of counsel." Id. (citing Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985)).

I.

## Background

Applicant was arrested by Tarrant County, Texas, authorities on December 16, 1991.  Applicant was then temporarily transferred to the custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum.  On August 28, 1992, this court sentenced applicant to a 27-month term of imprisonment for conspiracy to transport in interstate commerce and to sell, possess and receive in interstate commerce, stolen vehicles. Such judgment was silent as to its relationship to any forthcoming sentences in any state cases.  Following sentencing, applicant was returned to state authorities, and the U.S. District Court judgment was filed as a detainer.

On September 17, 1992, the 72nd District Court of Tarrant County, Texas, sentenced applicant for three theft of vehicle offenses and one robbery by threats offense.  The sentences in those cases were to run concurrently with each other, for a total term of imprisonment of 30 years.  The state judgments also indicated that the state sentences were to run concurrently with applicant's federal sentence.

On February 2, 1993, applicant arrived at Federal Correctional Institution-Three Rivers (FCI-Three Rivers) for service of his federal sentence.  However, applicant was returned

2

to state custody on September 24, 1993, after BOP staff
determined that Texas retained primary jurisdiction of applicant.

On January 18, 2013, applicant was paroled from the Texas
Department of Criminal Justice to the custody of federal
authorities.  Applicant received credit on his state sentences
for the time that he spent in federal custody pursuant to the
writ of habeas corpus ad prosequendum.  Therefore, he received
credit for his state sentences from December 16, 1991, to January
18, 2013.  Applicant arrived at Federal Correctional Institution-
Fort Worth on March 8, 2013, for service of his federal sentence.
The BOP computed the commencement date of applicant's federal
sentence as the date of his parol from the state sentences,
January 18, 2013.

Applicant subsequently filed a request for nunc pro tunc
designation of his previous state institution for service of his
federal sentence.  The Bureau of Prisons (BOP) designation and
sentence computation center chief contacted this court to inquire
about the court's position on the retroactive designation.  A
U.S. probation officer responded, on behalf of the undersigned,
that the intent of the court in applicant's sentencing was for
the federal sentence to run consecutive to any state sentence
imposed.  Applicant's request for nunc pro tunc designation was
denied, and his appeal of that decision was also denied.

3

II.

## Grounds for the Application

In his application, applicant raises three grounds for relief: (1) applicant's service of his federal sentence was illegally interrupted when he was transferred from FCI-Three Rivers to state custody; (2) the BOP and the federal sentencing court improperly amended applicant's federal sentence by directing the federal sentence to be served consecutive to the state sentences, despite the State's request for the state sentences to be served concurrent with the federal sentence; and (3) USSG § 5G1.3(b)(1) should be applied to applicant's sentence. Accordingly, applicant asserts that he is now serving his federal sentence for a second time.

III.

## Analysis

A.   First Ground for Relief

In his first ground for relief, applicant contends he began service of his federal sentence when he arrived at FCI-Three Rivers on February 2, 1993, and that his service was illegally interrupted when he was transferred from FCI-Three Rivers to state custody on September 24, 1993. Relying in part on Luther v. Vanyur, 14 F. Supp. 2d 773 (E.D.N.C. 1997), applicant argues that when a prisoner's federal sentence is interrupted through no

4

fault of his own, he cannot be forced to serve his sentence in installments.  Applicant asserts that he should therefore be given credit on his federal sentence for the time he served in the state institution following his removal from FCI-Three Rivers.  The court discerns two issues raised by applicant's contention: credit for time served while in federal custody at FCI-Three Rivers and credit for time served while in state custody following his transfer from FCI-Three Rivers.

As to the first issue, applicant asserts that he began serving his federal sentence when he arrived, by mistake, at FCI-Three Rivers.  The court agrees.  In _Free v. Miles_, 333 F.3d 550 (5th Cir. 2003) (per curiam), a state prisoner who had been convicted and sentenced for a federal offense while "on loan" from state authorities was then mistakenly sent to a federal institution to begin service on his federal sentence.  _Id._ at 553.  The prisoner was returned to state custody about six months later and sent back to federal custody after completing his state sentence.  _Id._  The district court concluded that the prisoner's sentence had commenced on the date he arrived at the federal institution by mistake and that the prisoner was entitled to credit on his federal sentence for the time served before he was returned to state custody.  _Id._ at 552.  However, the district court found that the prisoner was not entitled to receive credit

5

for the time he served in state custody after the transfer, and
the prisoner appealed that decision.  Id.  In concluding that the
prisoner was not entitled to federal credit for the time he
served in state custody, the Fifth Circuit Court of Appeals noted
that the prisoner "rightly and successfully challenged" the
denial of credit for the time he was mistakenly in federal
custody, implicitly approving the district court's determination
of the commencement date of the prisoner's federal sentence.  Id.
at 552.

Therefore, in light of Free, applicant's federal sentence
commenced when he was mistakenly received at FCI-Three Rivers,
and he is entitled to credit on his federal sentence for the time
he spent in federal custody from February 2, 1993, to September
24, 1993.[2]

However, as in Free, applicant is not entitled to federal
credit for his time served while in state custody after his

---

[2] The fact that the state may have credited applicant for his time in FCI-Three Rivers does not
alter the court's conclusion.  Accord Floyd v. Berkebile, No. 3:05-CV-2489-M, 2008 WL 153494, at * 6
n.5 (N.D. Tex. Jan. 15, 2008) (accepting findings and recommendations of the United States magistrate
judge); Daniel v. Berkebile, No. 3:04-CV-2047-P, 2007 WL 2890373, at *5-6 (N.D. Tex. Sept. 28, 2007)
(accepting findings and recommendations of the United States magistrate judge).  Despite respondent's
contention, 18 U.S.C. § 3585 does not prohibit federal credit for the time applicant spent in federal
custody at FCI-Three Rivers.  18 U.S.C. § 3585 provides that, under certain circumstances, a defendant
will be given credit for time spent in official detention "prior to the date the sentence commences . . . that
has not been credited against another sentence." 18 U.S.C. § 3585(b).  As the court has determined the
commence date of applicant's federal sentence is the day he arrived at FCI-Three Rivers, his time served
there was not "prior to the date the sentence commence[d]."  Therefore, 18 U.S.C.  § 3585 does not
prohibit applicant's entitlement to credit for the time he served while in federal custody at FCI-Three
Rivers.

transfer from FCI-Three Rivers.  In <u>Free</u>, the Fifth Circuit Court
of Appeals acknowledged the common law rule that "a prisoner is
entitled to credit for time served when he is incarcerated
discontinuously through no fault of his own." <u>Free</u>, 333 F.3d at
554.  The Fifth Circuit specifically addressed the district court
case of <u>Luther</u> and concluded that the court in that case had
"overbroadly applied" the common law rule.  <u>Id.</u>  The court
explained that such rule has a "limited function," in that "[i]ts
sole purpose is to prevent the government from abusing its
coercive power to imprison a person by artificially extending the
duration of his sentence through releases and re-incarcerations."
<u>Id.</u>  The court reasoned that the prisoner's mistaken service of
part of his federal sentence prior to completing his state
sentence would not extend the total time of his incarceration in
federal and state prisons and "[t]hat he will have done so in two
shifts between sovereigns rather than one is of no moment."  <u>Id.</u>
at 555.  The court concluded, "The rule against piecemeal
incarceration precludes the government from artificially
extending the expiration date of a prison sentence; the rule does
not, however, justify or mandate that a prisoner receive a 'get
out of jail early' card any time that such a minuet occurs, even
when the prisoner is not at fault." <u>Id.</u>

    As in <u>Free</u>, although this court has concluded that

applicant's federal sentence commenced when he arrived at FCI-Three Rivers, he is not entitled to credit for the time he served following his return to state custody.  Applicant's reliance on federal common law is of no avail, as there will be no extension of his total time of incarceration as a result of his mistakenly serving some time on his federal sentence before completing his state sentence.  "That he will have done so in two shifts between sovereigns rather than one is of no moment."  Id. at 555.  Therefore, applicant is not entitled to receive credit on his federal sentence for the time he served in state custody.

B.    Second Ground for Relief

Applicant contends that the BOP and the federal sentencing court improperly amended applicant's federal sentence by directing the federal sentence to be served consecutive to the state sentences, despite the state's request for the state sentences to be served concurrently with the federal sentence. Applicant argues that the BOP's correspondence to this court regarding applicant's request for nunc pro tunc designation and this court's subsequent reply functioned to amend applicant's federal sentence in violation of the Fifth Circuit Court of Appeals's decision in Pierce v. Holder, 614 F.3d 158 (5th Cir. 2010) (per curiam).

However, applicant's reliance on Pierce is misplaced.  In

8

<u>Pierce</u>, the Fifth Circuit found that the district court did not
have jurisdiction to rule on a prisoner's application for writ of
habeas corpus pursuant to 28 U.S.C. § 2241 because the BOP had
not yet decided the prisoner's <u>nunc pro tunc</u> request at the time
the court made its ruling. <u>Pierce</u>, 614 F.3d at 160.   Unlike in
<u>Pierce</u>, the BOP in the instant case made its decision on
applicant's <u>nunc pro tunc</u> request <u>before</u> applicant filed his
application pursuant to § 2241, and the correspondence between
this court and the BOP also occurred prior to the filing of his
application.   Further, as this court's sentencing judgment was
silent as to its relationship to any forthcoming sentences in any
state cases, the presumption was that the federal sentence was to
be served consecutive to other sentences. <u>See</u> <u>Free</u>, 333 F.3d at
553. ("Well-settled federal law presumes that when multiple terms
of imprisonment are imposed at different times, they will run
consecutively unless the district court specifically orders that
they run concurrently.")   The court's response to the BOP's
inquiry simply affirmed this presumption.   Therefore, the court
has not prevented the BOP from exercising its discretion and has
not amended applicant's judgment in any way.   Thus, the court is
not prohibited by <u>Pierce</u> from ruling on the instant application.

Further, to the extent that applicant is arguing that the
BOP must honor the state's request for the state sentences to run

9

concurrently with the federal sentence, such argument also fails. A state court's determination that a state sentence should run concurrently with a federal sentence is not binding on the federal government.  See, e.g., Leal v. Tombone, 341 F.3d 427, 427-30 (5th Cir. 2003); Jake v. Herschberger, 173 F.3d 1059, 1065-66 (7th Cir. 1999) ("A prisoner may not, by agreeing with the state authorities to make his sentence concurrent with a federal sentence, 'compel the federal government to grant a concurrent sentence.'"); Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991) ("The determination by federal authorities that Bloomgren's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.").  Accordingly, to whatever extent the state may have intended for the state sentences to run concurrently with applicant's federal sentence, the BOP was not required to honor such request.  Therefore, applicant's argument must fail.

C.   Third Ground for Relief

Applicant also contends that U.S.S.G. § 5G1.3(b) should be applied to his federal sentence to give him credit for the time served on his state sentences.  However, as applicant's argument

10

does not seem to be aimed at an alleged error in how his sentence is being carried out, but rather concerns an alleged error by the sentencing court in not applying U.S.S.G. § 5G1.3(b), his argument is not cognizant in this application pursuant to § 2241; a 2255 motion would be the appropriate method of raising such an argument.[3] See McKinley v. Haro, 83 F. App'x 591, 592 (5th Cir. 2003) (per curiam); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam). Further, applicant points to no legal basis, and the court can find none, authorizing the court to amend applicant's sentence some twenty years after applicant's conviction and sentencing by making the adjustments in U.S.S.G. § 5G1.3(b). Thus, U.S.S.G. § 5G1.3(b)(1)(2) provides no relief to applicant.

\* \* \* \*

Accordingly, applicant is entitled to federal credit for the time he spent in federal custody at FCI-Three Rivers from February 2, 1993, to September 24, 1993. However, applicant is entitled to no other relief pursuant to 28 U.S.C. § 2241.

---

[3] The court notes that the time for applicant to file a motion pursuant to § 2255 has long since passed. See 28 U.S.C. § 2255(f).

IV.

Order

Therefore,

The court ORDERS that the application of applicant for writ

of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby,

(i) granted to the extent applicant seeks federal sentence credit

for the time he spent in federal custody at Federal Correctional

Institution-Three Rivers between February 2, 1993, and September

24, 1993, and (ii) denied as to all other grounds for relief.

SIGNED October 21, 2013.

JOHN McBRYDE
United States District Judge

12